FILED
United States Court of Appeals
Tenth Circuit

April 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

PROLINE MATERIALS, INC., a Texas
corporation,

       Plaintiff Counter Defendant -
Appellant,

v.

PROLINE PRODUCTS, LLC, an
Oklahoma limited liability company,

       Defendant Counterclaimant -
Appellee.

No. 14-6216
(D.C. No. 5:13-CV-00156-C)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **HOLMES**, and **MATHESON**, Circuit Judges.

_____

[*]After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Proline Products, LLC (Products) prevailed in litigation with Proline Materials, Inc. (Materials) and was awarded $110,984 in attorney fees. Materials appeals the attorney-fee award on several grounds. We need address only one, and reverse.

The district court granted the fee award under Okla. Stat. tit. 12, § 936 (West 2014). Products (quite correctly and admirably) makes three concessions regarding the application of § 936 to this case: (1) the district court's award of attorney fees is contrary to this court's holding in *Specialty Beverages, LLC v. Pabst Brewing Co.*, 537 F.3d 1165 (10th Cir. 2008); (2) we must follow a prior panel's interpretation of state law "unless an intervening decision of the state's highest court has resolved the issue," *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003); and (3) "[t]he Oklahoma Supreme Court has not spoken on the [pertinent issue] since *Specialty Beverages*." Aplee. Br. at 18. Bound by *Specialty Beverages*, we therefore cannot affirm the fee award.

Products has two avenues still available. First, it can seek review by the en banc court. This opinion does not foreclose that possibility. Second, it can obtain a contrary decision by the Oklahoma Supreme Court through certification of the issue from this court. In that regard, it has filed a motion requesting us to certify the issue. In our view, however, this is not an appropriate issue to certify because a resolution by the Oklahoma court may not be determinative; Materials has raised other substantial challenges to the

2

fee award that may require reversal of the award even if this court misinterpreted Oklahoma law in *Specialty Beverages*.

Accordingly, we reverse the award of attorney fees and remand to the district court for entry of judgment in favor of Materials on the issue of attorney fees. We deny Products' motion to certify, and we deny the other pending motions as moot.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

3